*253 Opinion
HASTINGS, J.
In November 1975, plaintiffs and respondents the City of Santa Barbara (City) and The Old Santa Barbara Pier Company (OSBPC) (collectively respondents) executed a franchise agreement for the renovation, development and operation of Steam’s Wharf, a city-owned pier in the Santa Barbara Bay. The wharf and the harbor restaurant on it had been seriously damaged by a fire in April of 1973. OSBPC prepared a plan of development and applied to the California Coastal Zone Conservation Commission, South Central Coast Region, (Regional Commission) for a permit authorizing the project. After public hearings the Regional Commission authorized issuance of a permit subject to certain conditions. Some of the conditions were not satisfactory to OSBPC and it appealed to the California Coastal Zone Conservation Commission, (State Commission). Opponents (South Central Coastwatch, Citizens’ Planning Association, John C. Woodward, Esq. and Mrs. Lesley Alexander) of the renovation plans as proposed by the Regional Commission also appealed the granting of the permit to the State Commission.
The first public hearing by the State Commission on the appeal was held in Los Angeles,. California, on April 7, 1976, attended by seven out of twelve commissioners. A second meeting was held on May 5, 1976, in San Diego, attended by nine commissioners; however, only five of the nine commissioners present had attended the April 7 hearing.[1] The four commissioners present (collectively referred to as absent members) who had missed the first meeting[2] did not formally disclose for the record before voting that they had familiarized themselves with those proceedings or the materials relating to the appeal as required by section 13347 of title 14, California Administrative Code (see fn. 3, infra).
After the State Commission’s jurisdiction expired, respondents notified the Regional Commission of their acceptance of the permit as originally authorized and stated that they were ready to proceed with the project. They were informed that the permit had been rendered invalid by the State Commission’s action and that “any work” on the Steam’s Wharf Project would result in injunctions and substantial monetary penalties.
*254 On June 15, 1976, respondents initiated the action involved in this appeal. They alleged that when the State Commission voted on the appeal at the May 5 meeting that it was without a quorum because the absent members were ineligible to vote inasmuch as they failed to comply with section 13347.[3]
The State Commission must have “acted” within 60 days after an appeal was filed, and if it did not, a Regional Commission’s decision became final.[4] Respondents claim a vote without a quorum is no action; therefore, the Regional Commission’s decision in this case became final. It was on this theory that they sought a judgment in declaratory relief stating that the permit issued by the Regional Commission was valid. In the same action they also sought an injunction enjoining certain appellants from commencing any action to prevent performance of the work in accordance with the permit, or from seeking any fines or penalties in connection therewith.
Appellants demurred to the complaint on the basis that the State Commission had acted as required by law and the only proper method to review this action was by a petition for writ of administrative mandate pursuant to section 1094.5 of the Code of Civil Procedure. The Superior Court of Santa Barbara County overruled appellants’ demurrer and issued the preliminary injunction as prayed for by respondents. Appellants then answered the complaint alleging that the State Commission took proper action and voted to deny OSBPC’s permit. Both respondents and appellants made motions for a summary judgment and the.superior court denied appellants’ motion and granted respondents’ motion, the effect of which was to affirm the validity of the Regional Commission’s permit.
*255 The sole issue involved is whether the State Commission “acted” on the appeal within 60 days. If it did, the summary judgment in favor of respondents was in error and they are without a permit to proceed.
Respondents recognize that a vote by a legal quorum on May 5, 1976, would have constituted “action” by the State Commission on the appeal and rendered the Regional Commission’s permit invalid. This result follows because they were unable to get seven votes in favor of their permit. This rule was clarified by this court in REA Enterprises v. California Coastal Zone Conservation Com., 52 Cal.App.3d 596, 606-607 [125 Cal.Rptr. 201], where we said: “. .. there are twelve authorized members of the State Commission, this would require at least seven votes for the issuance of a permit. Action was taken by the State Commission. REA did not receive the statutorily required number of votes. By failure to obtain a majority vote, the action taken by the State Commission effectuated a denial of the issuance of the development permit.”
For respondents to prevail it is therefore necessaiy for them to establish that the State Commission voted without a quorum. If they aré correct, the 60-day period expired (§ 27423, supra) without action and the Regional Commission’s permit is valid and final. A quorum of the twelve member State Commission is seven members.[5] Nine members were present at the May 5, 1976, meeting, so a quorum was obviously present unless the absent members were disqualified from voting as argued by respondents.
 Although a technical violation[6] of section 13347, as claimed by respondents, did occur, the record discloses that the absent members met the required standards of the section intended by the Legislature when they voted. In Cooper v. State Bd. of Medical Examiners, 35 Cal.2d 242 [217 P.2d 630, 18 A.L.R.2d 593], a vote of the Board of Medical Examiners, convicting petitioner of unprofessional conduct, was challenged claiming it violated section 11517, subdivision (a) of the *256 Government Code which provides “Where a contested case is heard before an agency itself, no member thereof who did not hear the evidence shall vote on the decision.” Our Supreme Court stated on page 246: “We conclude here that participation in a decision by a board member who has read and considered the evidence, or a transcript thereof, even though he was not physically present when the evidence was produced, does not violate the requirements of due process. [H] We are of the view that the Legislature did not by [§ 11517, subd. (a)] . .. intend to require auditory perception of all the evidence by each board member who votes. ... It thus seems that the Legislature simply intends that an agency member who exercises his own independent judgment. .. must be acquainted with the record but need not be physically present when the evidence is produced . . .”
The principal issue in this case is almost identical. The intent of section 13347 is that a member absent from a previous meeting shall not subsequently vote if he is unfamiliar with the presentation made at the earlier meeting and is also unfamiliar with the material relating to the appeal. If, however, a member is fully informed on both requirements, a technical violation of the section should not invalidate his vote. Such is the case here. The April 7 meeting was shorter than the May 5 meeting. The official transcripts of the minutes of the two meetings required only 18 pages for the first meeting and 40 pages for the second meeting. Before the May 5 meeting all members of the State Commission had received copies of the various materials needed for the appeals, including an appeal summary, staff recommendation, project summary, and. numerous letters and newspaper clippings that fully covered all issues.[7] At the first meeting, Charles Schmandt, architect and project manager of OSBPC, was the first speaker and he summarized the history of Steam’s Wharf, the proposed plans and costs and the need for the wharfs immediate restoration. John Woodward testified veiy briefly on behalf of South Central Coastwatch and the Citizens’ Planning Association of Santa Barbara in opposition to the Regional Commission’s plans. Douglas Wilsey from Division of Community Services, City of Santa Barbara, said a few words in favor of the plan. All of the important material found in these short statements was contained in the written summaries and exhibits previously given the commission members. All that the absent members missed was brief summaries of the written materials and some rhetoric. No evidence was presented. At the May 5, *257 1976, meeting, Mr. Bodovitz, Executive Director of the California Coastal Zone Conservation Commission, addressed tne meeting and outlined the positions of the various parties to the appeal. Mr. Cappello, City Attorney for the City of Santa Barbara, and Mr. David Sheffman, mayor of the city, further touched on the issues.[8] Mrs. Alexander, a concerned citizen and member of the Citizen’s Planning Association, and Mr. Rubin, a representative of South Central Coastwatch, spoke in opposition to the respondents’ plan and gave additional summaries of the important phases of the project. Numerous questions were then asked by the commission members, including three of the members absent on April 7. This meeting not only covered the issues and material before the commission members at the April 7 meeting, but it expanded on them.[9] The written and printed exhibits in the members’ possession contained the important material presented at both meetings. There is a rebuttable presumption that “official duty has been regularly performed.” (See Evid. Code, §§ 600, 601, 606, 664.) This applies to administrative hearings. (Realty Projects, Inc. v. Smith, 32 Cal.App.3d 204, 212-213 [108 Cal.Rptr. 71].) At no time did respondents’ representatives at the hearing suggest or even imply that the absent members had not read these exhibits, were unfamiliar with the record and the issues, or should not vote.[10] If we agreed with respondents’ argument and ruled that the four absent members[11] were disqualified to vote, it would be a classic example of favoring form over substance. We refuse to do so and conclude that a quorum of the State Commission legally voted, thereby “acting” on the appeal within 60 days from its filing.
The record discloses another aspect of this case that deserves attention. The members of the commission and a majority of the opposition to the *258 Regional Commission plan agreed that the wharf should be redeveloped with commercial participants. The principal concern was the large scale of the project and the traffic and parking problems that would be encountered. The chairman and other members felt that these problems could be resolved by meetings between respondents and members of the commission staff who had recommended modifications of the Regional Commission’s plan. The chairman recognized the need to expedite the renovation work. He tried to obtain a waiver of the 60-day provision to enable the parties to have more time to reach a compromise.[12] The offer was rejected and proponents of the Regional Commission plan insisted on a vote.[13]
The judgment is reversed and the permanent injunction dissolved. The action of the State Commission is final.
Kaus, P. J., and Stephens, J„ concurred.
A petition for a rehearing was denied July 22, 1977, and the opinion was modified to read as printed above. Respondents’ petition for a hearing by the Supreme Court was denied August 25, 1977.

At this meeting respondents indicated that they would accept the Regional Commission’s plan. At the end of the meeting a vote was taken on whether the State Commission should approve the Regional Commission plan. Five members voted “no.” three voted “yes,” and one abstained.

These commissioners were: Farr, Peterson,' Ridder, and Harris.

Section 13347 of title 14, California Administrative Code, stated as follows: “Voting by Members Absent From Hearing. A member may vote on any application, where he has familiarized himself with the presentation at the hearing where the application was considered, and pertinent materials relating to the application submitted to the Commission and has so declared prior to the vote.”
In January 1977 this section was repealed and was, in effect, superseded by section 13095.
Unless otherwise stated, all references are to sections in title 14 of the California Administrative Code.

Public Resources Code section 27423, in pertinent part, stated: “(b) The commission may affirm, reverse, or modify the decision of the regional commission. If the commission fails to act within 60 days after notice of appeal has been filed, the regional commission’s decision shall become final.”
This section was repealed by section 27650 on January 1, 1977. See. now, section 30625, added by Statutes 1976, chapter 1330, section 1, page 5996.

 Section 13150 provided: “Quorum. For all meetings of the Commission or of a Regional Commission, a quorum shall be a majority of the total authorized membership of the Commission or Regional Commission. No action shall be taken in the absence of a quorum, except that a lesser number of members may continue a meeting from time to time until a quorum is present.”
In January 1977 this section was repealed and was, in effect, superseded by section 13021.

 The violation was failure to state for the record before voting their familiarity with the prior proceedings.

This was confirmed by a declaration filed in the superior court by Donald B. Neuwirth, a Coastal Conservation and Development Analyst II. The material was attached as exhibits which we have read in detail.

Respondents in their opening brief claim they were given only five minutes to argue the issues. This is not supported by the record. Before the meeting was half over the first opposition speaker to the respondents’ plan said “may we have equal time . . . they had about 20 (minutes).” Respondents had further time to argue their position later in the meeting when members of the commission asked numerous questions. Very few questions were asked at the first meeting.

Another project summary was given to the members by respondents just before the May 5 meeting and several members commented that they had not had time to carefully review it. This would not invalidate their vote as it was a new exhibit. The members had sufficient other material on hand to enable them to vote intelligently on the appeal. To hold otherwise, when the 60-day period was expiring, would condone a practice that could oust the State Commission of jurisdiction.

It is interesting to note that the present regulation (§ 13095). effective January 22, 1977, added the words: “In the absence of a challenge raised by an interested party, inadvertent failure to make such a declaration prior to the vote shall not invalidate the vote of a member."

One of the four absent members. Vice Chairman Harris, abstained from voting.

A recent case, City of Coronado v. California Coastal Zone Conservation Com., 69 Cal.App.3d 570 [138 Cal.Rptr. 241], considers the rights of parties to waive the 60-day jurisdictional period.

After the vote the city attorney, quite naturally voiced his disappointment. One commission member who voted against respondents, responded to the city attorney’s remarks as follows: “. . . I think every member of this Commission was willing to give you an option. You didn’t take it. So. I don't think you can stand here and say that we destroyed the project. Everybody here would have been happy to work out a proposal. . . . "